# Exhibit A

Lance C. Behringer, Bar No. 315980
**CARPENTER & ZUCKERMAN**
8827 West Olympic Boulevard
Beverly Hills, California 90211 3613
Telephone: (310) 273-1230
Facsimile: (310) 858-1063
Email: eservice@cz.law; lanceteam@cz.law

Attorney for Plaintiff JOCELYN OSORIO

Electronically FILED by
Superior Court of California,
County of Los Angeles
8/14/2025 5:16 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By Y. Ayala, Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES

| | |
|---|---|
| JOCELYN OSORIO, an individual; <br><br> Plaintiffs, <br><br> vs. <br><br> BODUM USA, INC., a Delaware corporation; AMAZON.COM SERVICES LLC, a Delaware corporation; and DOES 1–100, inclusive, <br><br> Defendants. | Case No.: 25STCV23960 <br><br> **COMPLAINT FOR DAMAGES** <br><br> 1. **STRICT PRODUCT LIABILITY;** <br> 2. **NEGLIGENCE;** <br> 3. **FAILURE TO WARN;** <br> 4. **NEGLIGENT RECALL; AND** <br> 5. **VIOLATION OF THE CONSUMER LEGAL REMEDIES ACT** <br><br> **JURY TRIAL DEMANDED** |

**COMES NOW** Plaintiff JOCELYN OSORIO, an individual, who, for causes of action against Defendants BODUM USA, INC., a Delaware corporation; AMAZON.COM SERVICES LLC, a Delaware corporation; and DOES 1-100, inclusive, complains and alleges as follows:

### PARTIES

1. Plaintiff JOCELYN OSORIO is an individual who, at all times referenced herein, resided in the County of Los Angeles.

2. Plaintiff is informed and believes and thereon alleges that at all times mentioned herein, Defendant BODUM USA, INC. was and is a Delaware corporation with its principal place of business located in New York, New York.

3. Plaintiff is informed and believes and thereon alleges that at all times mentioned

-1-

herein, Defendant AMAZON.COM SERVICES LLC was and is a Delaware corporation with its principal place of business located in Seattle, Washington.

4.     The true names and/or capacities, whether individual, corporate, associate, or otherwise, of the Defendants identified as DOES 1 through 100, are unknown to Plaintiff. Plaintiff is informed and believes and thereon alleges that each of these Defendants fictitiously named herein is legally responsible, negligent, or in some other actionable manner liable for the events alleged in this Complaint, and proximately and legally caused the resulting injuries to Plaintiff.  Plaintiff will move to amend this Complaint to insert the true names and/or capacities of the fictitiously named Defendants when their identities have been ascertained.

5.     Plaintiff is informed and believes and thereon alleges that at all relevant times, all of the Defendants were the agents, servants, employees, and/or joint venturers of their co-defendants and were acting within the course, scope, and authority of their agency, employment, and/or venture and that each and every Defendant, when acting as a principal or employer, was negligent in the selection and hiring of each and every other defendant as an agent, employee, and/or joint venture.

## VENUE

6.     Jurisdiction and venue are proper in the Los Angeles County Superior Court. It is where the subject incident occurred, and where Defendants have systematic and continuous contacts through their marketing efforts and services that target this district and the State of California generally.  The exercise of personal jurisdiction over Defendants in this Court does not offend traditional notions of fair play or substantial justice.

## THE INCIDENT

7.     On or about September 28, 2023, Plaintiff JOCELYN OSORIO was using, in the foreseeable manner for which it was made exactly, a French press coffee maker designed, engineered, and manufactured by Defendant BODUM USA, INC.—branded as "The Original French Press"—and sold by Defendant AMAZON.COM SERVICES LLC (the "SUBJECT COFFEE MAKER"). Pursuant to the operating instructions for the SUBJECT COFFEE MAKER, Plaintiff JOCELYN OSORIO mixed ground coffee with hot water in the device's carafe and waited for the coffee to steep.  As Plaintiff JOCELYN OSORIO attempted to

-2-

depress the device's plunger, per instruction and as designed to separate the solid ground coffee from the liquid, the device violently exploded where it stood in her hands at waist level and over significant portions of her body, including her arms, neck, abdomen, and other areas, causing second-degree burns and permanently disfiguring Plaintiff JOCELYN OSORIO.  This section of Plaintiff's Complaint is referred to as the "SUBJECT INCIDENT."

<u>ALLEGATIONS COMMON TO ALL CAUSES OF ACTION</u>

8.    Defendants' design, engineering, and construction of the SUBJECT COFFEE MAKER was defective and inadequate for a device intended to hold scalding hot liquid under a certain amount of pressure while necessarily being operated in immediate proximity to the user.

9.    The SUBJECT COFFEE MAKER was so defectively designed, engineered, and constructed as a result of Defendants' efforts to save money and increase profits, and the defective design, engineering, and construction were substantial factors in Plaintiff JOCELYN OSORIO's injuries.

10.    Ordinary consumers like Plaintiff JOCELYN OSORIO would not have recognized the dangers of Defendants' defectively-designed product, and Defendants failed to adequately warn Plaintiff JOCELYN OSORIO of those risks and dangers, which was a substantial factor contributing to Plaintiff's harm.

11.    At the time the SUBJECT COFFEE MAKER was designed, manufactured, and sold, Defendants knew or should have known of the critical importance of properly designing, engineering, and constructing a glass-walled device made to hold scalding hot liquid under pressure.  Despite that knowledge, Defendants designed, manufactured, distributed, and/or sold the SUBJECT COFFEE MAKER in a way they knew or should have known would fail due to foreseeable use and/or misuse.

12.    Defendants not only failed to warn Plaintiff of the dangers of the SUBJECT COFFEE MAKER, but also affirmatively misled them as to the risks of its use and recklessly failed to inform or warn Plaintiff—or anyone—that the device could possibly explode and severely injure the user.

13.    As a proximate result of the negligent design and/or design defects of the improperly manufactured SUBJECT COFFEE MAKER, for which Defendants are responsible,

Case No. ;

COMPLAINT FOR DAMAGES

this event occurred, and Plaintiff sustained severe and painful physical and emotional injuries and damages.

14.    Defendants received claims, complaints, and information from their distributors and customers regarding accidents and injuries resulting from the use of The Original French Press.

15.    Defendants had received similar complaints to those now asserted by Plaintiff regarding The Original French Press.

16.    Defendants had specific notice of the defects to The Original French Press as a result of these other and similar accidents to the SUBJECT INCIDENT.

17.    Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, and their officers, directors, or managing agents, knew of, intended for, ratified, and committed the following acts which caused Plaintiff's injuries and damages:

a.    Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, and their officers, directors, and/or managing agents, sold, designed, manufactured, fabricated, distributed, retailed, wholesaled, recommended, tested, modified, controlled, advertised, created, processed, prepared, constructed, packaged, provided, warranted, repaired, maintained, marketed, labeled, promoted, advertised, furnished, analyzed, inspected, supplied, and placed into the stream of commerce the SUBJECT COFFEE MAKER which Plaintiff JOCELYN OSORIO was using properly when it caused her serious injuries and damages.

b.    Plaintiff is informed and believes and thereon alleges that Defendants, and each of them,  and their officers, directors, and/or managing agents, knew at all relevant times that the SUBJECT COFFEE MAKER was inadequate and improperly manufactured, was defective and/or dangers, and/or knew that the SUBJECT COFFEE MAKER would result in severe injuries if not properly recalled from the public.

c.    The defective and dangerous design, manufacture, and performance of the SUBJECT COFFEE MAKER, and the fact that it was unsafe for its intended use and purpose when employed in a reasonable and foreseeable manner, was knowable by

-4-
Case No.
COMPLAINT FOR DAMAGES

means of knowledge, including scientific knowledge, available to Defendants, and each of them, and their officers, directors, and/or managing agents.

d.    Further, Defendants, and each of them, and their officers, directors, and/or managing agents, knew, or by means of available scientific knowledge should have known, of the numerous other earlier injuries, the inherent dangers of a device designed to hold scalding hot liquid under pressure, consumer complaints caused by The Original French Press and other similar devices made by Defendants, including earlier versions and similar products, due to the inadequate and improper design, defective manufacturing, and lack of proper warnings, as specifically described herein, and yet, in conscious disregard of the rights and safety of others, including Plaintiff, Defendants, and each of them, and their officers, directors, and/or managing agents chose not to issue a recall or to stop selling the SUBJECT COFFEE MAKER.

e.    Plaintiff is informed and believes and thereon alleges that, despite said knowledge on the part of Defendants, and each of them, and their officers, directors, and/or managing agents, Defendants acted in a reckless, wanton, and malicious manner with a willful and conscious disregard for the rights, safety, and well-being of Plaintiff and other members of the public when they sold, marketed, and/or distributed The Original French Press without alerting, advising, warning, properly recalling, or otherwise adequately informing purchasers and/or users of the defective and dangerous nature and/or character of The Original French Press.

f.    Plaintiff is informed and believe and based thereon alleges that Defendants further failed to alert, advise, warn, properly recall, or otherwise adequately inform purchasers and/or users of the defective SUBJECT COFFEE MAKER that safer, alternative feasible designs were available which would substantially reduce the risk of injury and/or mitigate the effects of injury, and which would substantially decrease the risk and decrease the extent of any injury, if one occurred.

g.    Plaintiff is informed and believes and thereon alleges that Defendants further failed to alert, advise, warn, properly recall, or otherwise adequately inform

-5-

purchasers and/or users of the defective and dangerous nature and/or character of the SUBJECT COFFEE MAKER, knowing that the defective SUBJECT COFFEE MAKER would be used and would fail in foreseeable incidents.

h.     By failing to so alert, advise, warn, or adequately maintain or inform users of the defective and dangerous nature and/or character of their product, Defendants, and each of them, warranted and represented that the defective SUBJECT COFFEE MAKER was safe and suitable for the intended purpose and use by Plaintiff herein, and other members of the public.  As a direct, proximate, and legal result thereof, Plaintiff JOCELYN OSORIO was using the defective SUBJECT COFFEE MAKER for its intended purpose and thereby suffered severe personal injuries, among other damages.

i.     Plaintiff is informed and believes and thereon alleges that, despite the aforementioned knowledge on the part of Defendants, and each of them, and their officers, directors, and managing agents, Defendants acted in the manner described above and/or failed to take the actions mentioned above, for reasons of economic gain, and to save money and increase their business profits.  If Defendants had taken actions to improve, maintain, and/or stop selling the defective SUBJECT COFFEE MAKER, said acts would have cost them money.  Hence, Defendants consciously, willfully, and wantonly decided that their profits were more valuable and important than the certain human suffering that resulted from their actions.

## FIRST CAUSE OF ACTION

## STRICT PRODUCT LIABILITY

### (Against All Defendants)

18.    Plaintiff repeats, realleges, and incorporates by this reference as though set forth in full all prior allegations of this Complaint.

19.    Plaintiff is informed and believes and thereon alleges that at all times herein mentioned, Defendants manufactured, fabricated, planned, designed, assembled, distributed, leased, bought, sold, rented, recalled, inspected, repaired, imported, marketed, warranted, tested,

-6-

Case No.

COMPLAINT FOR DAMAGES

serviced, and/or advertised the SUBJECT COFFEE MAKER and/or its parts, which contained product defects both in manufacturing and design and in failure to warn in various components.

20.    These product defects rendered the SUBJECT COFFEE MAKER defective under California law.

21.    Plaintiff JOCELYN OSORIO was not aware of any of the aforementioned defects at any time prior to September 28, 2023, and the defects would not be detectable or appreciated by normal inspection prior to use.

22.    On or about September 28, 2023, the product defects were the direct, proximate, and legal cause of the damages sustained by Plaintiff in an amount to be proven at the time of trial.

**SECOND CAUSE OF ACTION**

**NEGLIGENCE**

**(Against All Defendants)**

23.    Plaintiff repeats, realleges, and incorporates by this reference as though set forth in full herein all prior allegations of this Complaint.

24.    Plaintiff is informed and believes and thereon alleges that at all times herein mentioned, Defendants had a duty to provide a reasonably safe coffee maker which would allow use as intended and not cause injury in a foreseeable accident, as well as information, instructions, and warnings regarding user safety protection.

25.    Defendants also owed the duty to warn of dangers, sell devices intended to contain scalding hot liquid under pressure in a form sufficient to avoid catastrophe, and to actually warn Plaintiff—and not just provide a façade of a constructive warning—of the dangers known to Defendants.

26.    On or about September 28, 2023, the negligence of Defendants was the proximate and legal cause of the damages sustained by Plaintiff in amounts to be proven at the time of trial.

**THIRD CAUSE OF ACTION**

**FAILURE TO WARN**

**(Against All Defendants)**

-7-

Case No.

COMPLAINT FOR DAMAGES

27. Plaintiff repeats, realleges, and incorporates by reference as though set forth in full herein all prior allegations of this Complaint.

28. Plaintiff is informed and believes and thereon alleges that Defendants had a duty to provide information, instructions, and warnings, and each of them negligently and carelessly advertised, designed, manufactured, fabricated, planned, assembled, distributed, leased, rented, bought, sold, inspected, tested, serviced, repaired, marketed, recalled, warranted, instructed, and warned as to the SUBJECT COFFEE MAKER while being operated in a normal, foreseeable manner.

29. Scalding hot liquid under pressure has known potential risks and dangers, including when used or misused in an intended or reasonably foreseeable way. Because Defendants so warranted that their device was equipped to handle those dangers, as a result of Defendants' failure to warn, ordinary consumers like Plaintiff JOCELYN OSORIO would not have recognized those dangers. Defendants' failure to warn was a substantial factor in contributing to the harm sustained by Plaintiff.

30. At the time the SUBJECT COFFEE MAKER was designed, manufactured, and sold, Defendants knew or should have known of the critical importance of properly constructing such a device so as to avoid injuries in its operation. Despite that knowledge, Defendants designed, manufactured, distributed, and/or sold the device in a way they knew or should have known would cause its failure due to foreseeable use and/or misuse.

31. Indeed, Defendants not only failed to warn Plaintiff of the dangers of the SUBJECT COFFEE MAKER, but also affirmatively misled them as to the risks of its use, and recklessly failed to inform or warn Plaintiff—or anyone else—that the use of the SUBJECT COFFEE MAKER could cause severe and permanent injury due to its defective design, engineering, and construction.

32. Plaintiff is informed and believes and thereon alleges that Defendants had a duty to warn Plaintiff that there existed a condition of which Defendants were well aware, but upon which they failed to act through and inform the purchasing public of the dangers of the SUBJECT COFFEE MAKER.

Case No.
COMPLAINT FOR DAMAGES

33. On or about September 28, 2023, Defendants were the proximate and legal cause of the damages sustained by Plaintiff in an amount to be proven at the time of trial.

## FOURTH CAUSE OF ACTION

### NEGLIGENT RECALL

**(Against Defendants BODUM USA, INC. and DOES 1-100)**

34. Plaintiff repeats, realleges, and incorporates by this reference as though set forth in full herein all prior allegations of this Complaint.

35. Manufacturers such as Defendant BODUM USA, INC. and DOES 1-100 cannot delegate responsibility for the safety of their products to dealers, much less purchasers. Defendants BODUM USA, INC. and DOES 1-100 failed to conduct an adequate recall campaign, which constitutes a separate issue and cause of action from defective design.

36. By September 28, 2023, the failure of Defendants BODUM USA, INC. and DOES 1-100 to warn about and then to recall the SUBJECT COFFEE MAKER was the proximate and legal cause of the damages sustained by Plaintiff in an amount to be proven at the time of trial.

## FIFTH CAUSE OF ACTION

### VIOLATION OF THE CONSUMER LEGAL REMEDIES ACT

**(CIV. CODE § 1750, et seq.)**

**(Against All Defendants)**

37. Plaintiff repeats, realleges, and incorporates by this reference as though set forth in full herein all prior allegations of this Complaint.

38. This cause of action is brought pursuant to the Consumer Legal Remedies Act ("CLRA") codified at Civ. Code § 1750, et seq. Plaintiff is a consumer as defined by Civ. Code § 1761(d). The SUBJECT COFFEE MAKER is a "good" within the meaning of the CLRA.

39. The CLRA forbids "unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or which results in the sale or lease of goods or services to any consumers." Civ. Code § 1770(a).

40. Defendants violated, and continue to violate, the CLRA by engaging in the following practices proscribed by Civ. Code § 1770(a) in transactions with Plaintiff which were

-9-

Case No.

COMPLAINT FOR DAMAGES

intended to result in, and did result in, the sale of the SUBJECT COFFEE MAKER:

    a. Representing that the SUBJECT COFFEE MAKER possessed approval characteristics, uses, and/or benefits which it did not have.

    b. Representing that the SUBJECT COFFEE MAKER is of a particular standard, quality, or grade, when it is or was of another.

    c. Advertising goods with intent not to sell them as advertised.

    d. Representing that the SUBJECT COFFEE MAKER had been supplied in accordance with a previous representation, when it had not.

41. Defendants violated the CLRA by representing through warranties, marketing, and advertisements—and by failing to disclose known safety defects—that the SUBJECT COFFEE MAKER was safe, reliable, and fit for its ordinary purpose, as described in more detail above, when Defendants knew or should have known that the representations and advertisements were unsubstantiated, false, and misleading. Defendants may be continuing to make representations, as alleged above, that the SUBJECT COFFEE MAKER is safe, reliable, and fit for its ordinary purpose even though it is not.

42. Defendants omitted that they were aware of safety defects and dangers related to the SUBJECT COFFEE MAKER.

43. Defendants had a duty to disclose the SUBJECT COFFEE MAKER's inherent dangers as described above. These undisclosed facts about the safety and reliability of the SUBJECT COFFEE MAKER, including adequate explanations of the dangers of scalding hot liquid under pressure in a device or container not adequately designed to hold it, are material to reasonable consumers. Defendants had exclusive knowledge of the dangerously nonconforming nature of the defects through Defendants' own testing and knowledge, along with nonpublic consumer complaints, and concealed these facts from Plaintiff. These undisclosed facts about the safety and reliability of the SUBJECT COFFEE MAKER are material to reasonable consumers.

44. Pursuant to Civ. Code § 1782(d), Plaintiff seeks a Court order enjoining the above-described wrongful acts and practices of Defendants and for restitution and disgorgement.

45.     Plaintiff seeks equitable and injunctive relief requiring that Defendants fix and/or warn of the potential dangers of the SUBJECT COFFEE MAKER while under normal foreseeable use, and, to the extent possible, to educate consumers through a corrective advertising campaign.

46.     Pursuant to Civ. Code § 1782, Plaintiff intends to notify Defendants in writing of the particular violations of Civ. Code § 1770. If Defendants fail to comply with Plaintiff's demands within thirty days of receipt of notice, Plaintiff will amend her Complaint to request damages and other monetary relief under the CLRA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1.     For general damages in a sum according to proof at the time of trial;

2.     For special damages in a sum according to proof at the time of trial;

3.     For an award of the costs incurred by Plaintiff in bringing and maintaining this action;

4.     For pre-judgment interest pursuant to any applicable statute;

5.     Injunctive relief; and

6.     For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury as to the entire action and all issues, claims for relief, and damages.

DATED: August 14, 2025                    **CARPENTER & ZUCKERMAN**

By:_____
                                         Lance C. Behringer

                                         Attorney for Plaintiff JOCELYN OSORIO

-11-                                                      Case No.
                                         COMPLAINT FOR DAMAGES